# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDITA TALIANO,<br><br>   Plaintiff,<br><br> v.<br><br>D. L. JOHNSON, et al.,<br><br>   Defendants. | 1:13-cv-00566-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### I. Screening Requirement and Standard

Plaintiff Brandita Taliano ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 19, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is incarcerated at the Central California Women's Facility where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) D. L. Johnson, Warden; (2) K. Pool, Appeals Examiner; (3) J. D. Lozano, Chief Office of Appeals; (4) B. J. Simons, Associate Warden; (5) D. B. Rogers, Correctional Lieutenant; and (6) H. Schillings, Correctional Officer.

Plaintiff alleges as follows:

The information contained in the CDC 115 written by D.B. Rogers, Correctional Lieutenant is clearly untrue. Report written as follows: "A subsequent search of your cell in Building 507, Room 12, resulted in the finding of a colored photo copy of a Massachusetts Driver's License, a copy of a receipt with an account on it, a 10-25-07 form with a vehicle information, and E-Mail containing personal staff information." No overt errors should ever be left in any CDCR document most especially any which reflect on character. Honesty in reporting is mandated. The harm these errors will cause petitioner include but are not limited to: **#1.** A false impression of culpability in this situation should the law change to the point that I appear before the BPH seeking parole or when I serve 30 years and can appear before the board as my right. **#2.** A negative false perception would be

harmful should C-File/E-File be viewed by the courts during an appeal process of clemency.  **#3.**  A negative false is harmful when I apply for a job position and not be hired for a job position or allowed into a program (i.e. Comfort Care) because the connotation of false material.  **#4.**  A negative impact on my chance for promotions.  **#5.**  Negative influence on decisions to allow future transfer to another prison/institution.  **#6.**  Predisposition of negative attitude by any staff member reviewing my C-file/E-file.  All of this is about perception and impression that I had escape paraphernalia and that it was a staff members.'  Not to mention that this is all untrue.  Although the CDC 115 doesn't state escape paraphernalia, it is implied that it was escape paraphernalia, coupled with the CDC 114D which clearly states, 'Possession of Alleged Escape Paraphernalia' is prejudicial.  Per Title 15, Possession of contraband in [sic] not an A-Seg offense.  The harm of this document is obvious for all the above points and more.  The following parties are guilty of deliberate indifference to and in violation of the Constitutional Amendment 8.  All attempts to resolve this through institutional appeals have been denied and the ramifications of the misstatement constitute cruel and unusual punishment.  Parties involved are K. Pool, Appeals Examiner Office of Appeals, J. D. Lozano, Chief Office of Appeals, D.K. Johnson, Warden, B.J. Simons, Associate Warden; D.B. Rogers, Correctional Lieutenant; H. Schillings, Correctional Officer.

(ECF No. 1, p. 3.)

As relief, Plaintiff requests that the following statement be removed from the CDC 115 and her C-file/E-file: "A subsequent search of your cell in Building 507, Room 12, resulted in the finding of a colored photo copy of a Massachusetts Driver's License, a copy of a receipt with an account on it, a 10-25-07 form with a vehicle information, and E-Mail containing personnel [sic] staff information."  (ECF No. 1, p. 4.)

**III.    Discussion**

    **A.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held

3

that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

With the exception of D. B. Rogers, Plaintiff has failed to link any of the remaining defendants to a constitutional violation. In Plaintiff elects to amend her complaint, she must clearly identify the conduct of each defendant underlying the alleged constitutional violation.

### B. Grievance Process

Based on the position titles of certain defendants, it appears Plaintiff is asserting claims based on her inmate appeals. Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of her inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that she was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 129 S.Ct. at 1949, and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on a grievance, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### C. Supervisory Liability

To the extent Plaintiff seeks to impose liability against Warden D.K. Johnson and Associate Warden B.J. Simons in their roles as supervisors, she may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

1  violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726
2  F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists
3  even without overt personal participation in the offensive act if supervisory officials implement a
4  policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving
5  force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d
6  642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

7      Plaintiff has not alleged that Warden D.K. Johnson and Associate Warden B.J. Simons
8  were personally involved the constitutional deprivation or that they instituted a deficient policy.

### D.  Eighth Amendment – Deliberate Indifference

10      The Eighth Amendment's prohibition against cruel and unusual punishment protects
11  prisoners not only from inhumane methods of punishment but also from inhumane conditions of
12  confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.
13  Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347,
14  101 S.Ct. 2392 (1981)) (quotation marks omitted).  To maintain an Eighth Amendment claim, a
15  prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm
16  to her health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-
17  51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at
18  1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

19      Plaintiff's allegations that her CDC 115 contained a false statement are not sufficient to
20  establish deliberate indifference in violation of the Eighth Amendment.  Plaintiff has not alleged
21  a substantial risk of harm to her health or safety.  Given the nature of Plaintiff's allegations, this
22  deficiency cannot be cured by amendment.

### E.  False Statement

24      The crux of Plaintiff's complaint is that her CDC 115 contained a false statement.  As a
25  general matter, "[a] prisoner has no constitutionally guaranteed immunity from being wrongly or
26  falsely accused of conduct which may result in the deprivation of a protected liberty interest."
27  Witkin v. Swarthout, 2013 WL 6054451, *8 (E.D. Cal. Nov. 15, 2013) (citations omitted).
28  However, such allegations may state a cognizable claim if the prisoner is not afforded procedural

due process in connection with the issuance and hearing of disciplinary reports.  See Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).   In this instance, Plaintiff has not alleged that she was denied any procedural protections.

Moreover, to the extent Plaintiff's claim questions the validity of the disciplinary findings and those findings have affected the duration of her sentence, she must first seek habeas relief to invalidate the result before bringing a section 1983 action.  Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected).  If the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, then a due process claim, if any, is barred until such time as Plaintiff invalidates the result of the disciplinary hearing.

**IV.   Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim.  However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **May 14, 2014**                           /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE