# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDITA TALIANO, | 1:13-cv-00566-BAM (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| D. L. JOHNSON, et al., | |
| Defendants. | |

### I.   Screening Requirement and Standard

Plaintiff Brandita Taliano ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 14, 2014, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on July 3, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.   Plaintiff's Allegations**

Plaintiff is incarcerated at the Central California Women's Facility where the events in the complaint are alleged to have occurred. Plaintiff names B. J. Simons, former Associate Warden, and D. B. Rogers, Correctional Lieutenant, as defendants.

Plaintiff alleges: On March 1, 2011, Correctional Officers Lopez and Shillings and Correctional Sergeant Ingram searched Plaintiff's locker. During the search, Officer Shillings allegedly found the following papers: "A colored photo copy of a Massachusetts Driver's license (ID), a copy of a receipt with an account on it, a 10-25-07 form with vehicle information on it, and an e-mail containing personnel staff information." (ECF No. 12, p. 3.) On the same date, Plaintiff was placed in Administrative Segregation (Ad-Seg) for escape paraphernalia. A CDC 115 Rules Violation Report was not authored for another two weeks. The lock-up order CDC 114-D stated that the specific act was "Possession of Contraband." However, while in Ad-

1  Seg, Plaintiff received another lock-up order for "Alleged Escape Paraphernalia." The alleged
2  contraband was received by Plaintiff via institutional mail.
3        The RVR for contraband was written by Correctional Lieutenant D.B. Rogers, who was
4  not present during the search. A supplemental report by Officer Shillings also was submitted.
5        Plaintiff alleges that the RVR contained language that was patently false. Plaintiff
6  contends that the Massachusetts Driver's license, the receipt and the vehicle information did not
7  belong to any personnel or staff at CCWF. Plaintiff claims that if any investigation had been
8  done, it would have been realized that the claimed escape paraphernalia was for a 6'1" man,
9  while Plaintiff is a 5' woman. Thus, Plaintiff could not have used it to escape. On the other side
10 of the page was pro bono attorney information and is the sole reason Plaintiff had the document.
11 Plaintiff did not know that the license was there. Plaintiff asserts that no overt errors should be
12 left in any CDCR document, especially errors that reflect on character.
13       While Plaintiff was in Ad-Seg, an investigative employee (IE) was assigned to Plaintiff to
14 assist in preparing for the RVR hearing. The IE, Correctional Officer Griffin, interviewed
15 Plaintiff and noted the following discrepancies: 1. According to the RVR, there was vehicle
16 information, an account number and a receipt with personnel staff information on the back of the
17 paper with the photo copy of the driver's license; 2. According to Correctional Lieutenant S.
18 Zawolkow, there was pro bono attorney information on the back of the paper with the copy of
19 the driver's license; and 3. According to Officer Shillings, nothing was on the back of the paper
20 with the driver's license.
21       Plaintiff's RVR was adjudicated by Correctional Lieutenant J. Alexander, who found
22 Plaintiff guilty, but assessed zero days forfeiture of credits. Lieutenant Alexander did not
23 address the false statement in the RVR, nor did she address the information contained on the
24 other side of the driver's license. Plaintiff asked Lieutenant Alexander about the discrepancies.
25 Lieutenant Alexander stated that Plaintiff was only being charged with contraband, nothing
26 more.
27       As part of the review process that occurs after any RVR is adjudicated, Plaintiff's RVR
28 was sent to the Chief Disciplinary Officer (CDO), Associate Warden B. J. Simon. Although this

1 is standard policy, it is not standard policy for this same CDO to have been a witness in this
2 matter and interviewed by the IE.  Plaintiff submits that this is a conflict of interest because the
3 CDO was a witness.  Plaintiff claims that this is a violation of her due process rights and her
4 right to a fair and impartial hearing.

5      Plaintiff also alleges that the false statement in the RVR creates a substantial risk of harm
6 to her mental health and is defamation of character.

7      Plaintiff alleges that she was denied her due process rights and procedural protections in
8 the following ways:  "1) When an individual who was not even present during the room search
9 wrote the RVR, which contained a false statement; 2) When no investigation was conducted in
10 order to clarify the discrepancies with respect to the alleged escape paraphernalia; and 3) When a
11 witness in this matter was one of the individuals reviewing Plaintiff's RVR. 4) Plaintiff was
12 never allowed to see nor receive a copy of the aforementioned documents, excluding the
13 Massachusetts Driver's Licenses, and it was a bad black and white copy."   (ECF No. 12, p. 5.)

14      As relief, Plaintiff requests that the false statement be removed from her RVR.

15     **III.**    **Discussion**

16      The crux of Plaintiff's complaint is that her CDC 115 contained a false statement.  As a
17 general matter, "[a] prisoner has no constitutionally guaranteed immunity from being wrongly or
18 falsely accused of conduct which may result in the deprivation of a protected liberty interest."
19 Witkin v. Swarthout, 2013 WL 6054451, *8 (E.D. Cal. Nov. 15, 2013) (citations omitted).
20 However, such allegations may state a cognizable claim if the prisoner is not afforded procedural
21 due process in connection with the issuance and hearing of disciplinary reports.  See Hanrahan v.
22 Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).

23      Plaintiff alleges that she was denied procedural protections, including a proper
24 investigation and an inability to see or review the alleged escape paraphernalia.  However,
25 Plaintiff's argument is undermined by the exhibits attached to her complaint.  According to those
26 exhibits, Plaintiff admitted to the possession of contraband and pled guilty to the charges of
27 "Possession of Contraband" at the hearing.  (ECF No. 12, pp. 12, 19-20.)  Plaintiff was assessed
28 zero days of forfeiture credits, and was merely counseled and reprimanded regarding proper

conduct. As such, Plaintiff cannot state a claim based on a false statement in her disciplinary report.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim. The deficiencies identified in the complaint cannot be cured by amendment and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable section 1983 claim. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: **October 10, 2014**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE